UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20004-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

v.

BRIAN JOSEPH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Presently pending before this Court is a Motion to Suppress filed by Defendant Brian Joseph, ECF No. [32]. All pretrial motions have been referred to the undersigned Magistrate Judge, ECF No. [31]. A supplement was filed based on an Order requiring the Defendant to address his reasonable expectation of privacy in the premises that are the subject of the motion, and to confer with the Government, ECF No. [35]. The Government filed a response in opposition to the motion, ECF No. [37]. The Defendant filed a reply, ECF No. [43]. A hearing was held on September 21, 2018.[1] At the conclusion of the hearing, the undersigned advised the parties that she was recommending that the Motion be denied, and stated her reasons for the ruling on the record. Based upon the reasons stated at the hearing and as set forth below, the undersigned **RECOMMENDS** that the Motion to Suppress be **DENIED**.

---

[1] The motion was initially set for a hearing on September 13, 2018, ECF No. [34]. Shortly before the date of the hearing, however, the Court granted defense counsel's motion to withdraw based on a conflict, and appointed CJA counsel to represent the Defendant, ECF No. [40]. Newly appointed counsel appeared at the hearing, and requested time to review the motion and file a reply, which was granted, ECF No. [41]. At that hearing, the Government agreed to accept the facts alleged in the supplemental response regarding the Defendant's standing to file the motion to suppress; specifically, that the Defendant resided in the premises at the time of the search. Based upon this agreement, the Government stated that its position that no evidentiary hearing was required since the motion challenged the sufficiency of the affidavit filed in support of the search warrant to establish probable cause. Defense counsel was not prepared to address this issue due

I.    BACKGROUND

Defendant Brian Joseph is charged in a four-count Indictment with knowingly, and with intent to defraud, possessing fifteen or more unauthorized access devices, specifically social security numbers issued to other persons, in violation of 18 U.S.C. § 1029(a)(3) (Count 1); and aggravated identity theft, specifically possessing the name, date of birth and social security number of another person, during and in relation to the felony charged in Count 1, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 2 – 4).

The date of these offenses is on or about November 9, 2015, and the evidence which formed the basis for these charges was seized during the execution of a search warrant issued on November 6, 2015.

II.    THE SEARCH WARRANT

On November 6, 2015, a search warrant was issued for the residence ("target residence") that was later learned to be the residence of the Defendant, ECF No. [32-1]. The warrant authorized the seizure of specified categories of evidence of the crimes of wire fraud, in violation of 18 U.S.C. § 1343; access device fraud, in violation of 18 U.S.C. § 1029(a)(2)-(3); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

The Affidavit set forth in detail the investigation that led to the application for the warrant.  The offenses described in the Affidavit involve the online submission of fraudulent unemployment insurance claims through the use of personal identifying information, including the name, date of birth and social security number of the claimants.

The investigation that led to the search warrant began in September 2015, when the State of Nebraska notified law enforcement agents that approximately 18 fraudulent

---

to the recency of his appointment.  Therefore, the Court ordered defense counsel to address in his reply the issue of an evidentiary hearing.  Although the Defendant requested an evidentiary hearing, at the hearing, the Defendant did not seek to present any evidence.  At the hearing, the Court heard argument from the parties.

unemployment insurance claims had been filed using an IP address that originated in the State of Florida ("target IP address"). Investigation revealed that the IP address had been assigned to the target residence by Comcast from at least January 17, 2015, through at least September 15, 2015. Comcast did not retain records prior to January 17, 2015. According to Florida's Driver and Vehicle Information Database, the subscriber to the target IP address had resided at the target residence since at least August 2010.

According to the Affidavit, from February 21, 2014, through July 4, 2015, 80 fraudulent unemployment claims had been filed in six states from the target IP address. These claims were accessed online from the target IP address approximately 740 times. In October and November 2015, agents traveled to the residence and confirmed that the wireless internet at the residence could not be accessed without a password.

### III. THE MOTION TO SUPPRESS

The Defendant seeks to suppress the evidence seized pursuant to the search warrant on the grounds that the warrant was not based on probable cause since evidence presented to the issuing Magistrate Judge was too stale; and, that no reasonable officer could have relied upon the warrant in good faith, ECF Nos. [32] at 3; [43] at 4. Specifically, the Defendant argues that the last criminal activity upon which the government relies was the use of an IP address associated with the residence to file a fraudulent unemployment claim that occurred four months before the issuance of the warrant. The Defendant contends that there was insufficient information contained in the warrant to establish that the device used in connection with this activity remained in the residence, and that due to the mobile nature of many electronic devices, the mere fact that the same IP address remained associated with that address six weeks prior to the issuance of the warrant was insufficient to cure the staleness of the information.

The Government contends that there was probable cause to believe that evidence of the criminal activity would be present at the time of the search due to the use of that IP

address over an extended period of time.  Specifically, the Government points out that the Affidavit filed in support of the warrant provides details regarding the use of that IP address from at least as early as February 21, 2014, through July 4, 2015, to file 80 fraudulent unemployment claims; and that the Affiant alleges, based upon his experience, that personal identifying information is a valuable commodity that identity thieves are likely to retain, either in hard copy or on electronic devices, even if they are not using it at a particular point in time.  In addition, the Affiant alleges that even if such information is deleted from electronic devices, traces of such evidence can be forensically recovered.

Finally, the government argues that even if the search warrant failed to establish probable cause, the government was entitled to rely on its issuance by a neutral and detached Magistrate Judge.  Therefore, the government contends that the good faith exception to the exclusionary rule applies and the evidence should not be suppressed even if the warrant was based on stale information.

In his Reply and at oral argument, the Defendant focused on the argument that even if identity thieves typically retain such information or it can be forensically recovered, due to a lapse of four months since the last criminal activity, there was not probable cause to believe that the person who committed the offense continued to reside at the target residence or that the same mobile devices used to commit the alleged fraud would have remained inside that residence.  In addition, based on the lack of evidence that law enforcement sought to corroborate the continued residence of the perpetrator, or conduct surveillance, the government could not rely on the good faith exception to the exclusionary rule.

## IV. LEGAL ANALYSIS

### A. Framework for Analysis

The United States Supreme Court defined probable cause in *Illinois v. Gates*, 462 U.S. 213 (1983) as "less than evidence which would justify condemnation. . . . It imports a seizure made under circumstances which warrant suspicion. . . . Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision. The task . . . is simply to make a practical, common sense decision whether, given all the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." 462 U.S. at 235, 238-239 (internal quotation marks and citations omitted). Moreover, the "critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property" which is the subject of the warrant. *Zurcher v. The Stanford Daily*, 436 U.S. 547, 556 (1978).

The probable cause determination encompasses the requirement that the information regarding the location of the evidence must not be too stale to permit the issuing Magistrate Judge to determine that the evidence sought remains at the location to be searched. As stated by the Eleventh Circuit Court of Appeals in *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994) (internal citations and quotation marks omitted):

> To satisfy the probable cause standard, the government must reveal facts that make it likely that the items being sought are in that place when the warrant issues. For probable cause to exist, however, the information supporting of the government's application for a search warrant must be timely, for probable cause must exist when the magistrate judge issues the search warrant. Warrant applications based upon stale information fail to create a

> probable cause that similar or other improper conduct is continuing.
>
> When reviewing staleness challenges we do not apply some talismanic rule which establishes arbitrary time limitations for presenting information to a magistrate, rather, we review each case based on the unique facts presented. In this case-by-case determination we may consider the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched. Ultimately, however, even stale information is not fatal if the government affidavit updates, substantiates, or corroborates the stale material.

In *Harris,* the last known criminal activity occurred 18 months before the warrant was executed. Nevertheless, based on the detailed allegations that described a complex drug and money laundering conspiracy, including information that established a continuing connection between the defendant whose home was searched with alleged co-conspirators, the Court rejected a staleness challenge. Moreover, applying the above framework, the Eleventh Circuit has on numerous other occasions upheld warrants based on information regarding criminal activity that was older than the criminal activity alleged in the Affidavit in the case at bar. *See, e.g., United States v. Hooshmand*, 931 F.2d 725 (11th Cir. 1991) (11-month old information regarding Medicare fraud provided by ex-employee not too stale in light of pervasive nature of ongoing fraud); *United States v. Qose*, 679 F. App'x 761 (11th Cir. 2017) (information in child pornography case that same subscriber to the internet used by perpetrator in September 2014 still resided there in March 2015 was sufficient to overcome staleness challenge)[2]; *United States v. McBurnette*, 382 F. App'x 813, 815-16 (11th Cir. 2010) (2-year old information regarding possession of child pornography not too stale where multiple incidents of sexual abuse

---

[2] Although the unpublished opinion of the Eleventh Circuit may be unclear as to the date of the alleged criminal activity, a review of the underlying case reveals that the alleged child pornography was downloaded by the FBI agent on September 29, 2014, and the verification that the same internet account was active at that address occurred in March 2015. *United States v. Qose*, Case No. 8:15-cr-260-T-26EAJ, Search Warrant Affidavit at ECF No. [21-1] (M.D Fla. Oct. 7, 2015).

involving watching child pornography were involved; "if an affidavit recites activity indicating protracted or continuous conduct, time is of less significance than in the case of an isolated incident"); *United States v. Schwinn*, 376 F. App'x 974, 979 (11th Cir. 2010) (10-month old information not too stale in child pornography case).

      B.      <u>The Search Warrant in the Case at Bar Was Not Based on Fatally Stale Information</u>

In the case at bar, based on the nature and circumstances of the scheme alleged in the Affidavit, the undersigned concludes that there was probable cause to believe that the evidence of the crimes specified in the Affidavit would be located at the target residence despite the lapse of four months from the date of the last known criminal activity. The Affidavit established an ongoing scheme to fraudulently obtain unemployment insurance benefits using the personal identifying information of at least 80 victims over the course of approximately 18 months. These claims had been made in six states, using the same IP address. The IP address was utilized at the target residence from at least as early as January 17, 2015 (the earliest date for which records were available) through at least September 15, 2015. The subscriber for that IP address had resided at the target residence since at least August 2010. Law enforcement officers verified that the wireless internet at the target residence required a password for access. Based upon his experience and training, the Affiant averred that perpetrators of identity theft crimes were unlikely to dispose of personal identifying information even if they were no longer using it at the present time, but would preserve it for future use. Moreover, traces of such information could be forensically recovered even if deleted.

Therefore, even though, as argued by the Defendant, the target residence was not an ongoing business as in *Hooshmand*, the undersigned finds that the extended length of time that the criminal activity was ongoing, combined with the averments that the evidence was likely preserved due to the nature of the evidence sought in the warrant ,

7

supports the determination made by the issuing Magistrate Judge that there was probable cause to believe that the evidence sought would be found at the target residence. In this regard, the case at bar is similar to the criminal activity in *Qose, McBurnette* and *Schwinn*.

The Defendant's argument that because some of the evidence sought would be on mobile electronic devices that could have been replaced during the preceding six months, or that the user of the devices from which the fraud was perpetrated may have moved out of the residence, is not persuasive. In this regard, it is important to focus on the definition of probable cause enunciated by the Supreme Court in *Gates* – "a fair probability that contraband or evidence of a crime will be found in a particular place." Based upon the longstanding nature of the criminal activity and the use of the same IP address from at least January 17, 2015 through September 15, 2015, combined with the fact that the subscriber to the internet service had resided there since 2010, there is at least a fair probability that evidence of criminal activity that occurred at a residence through the use of an IP address on July 4, 2015, will be found at that residence on November 6, 2015, the date the search warrant was issued. *See Qose, supra.*

In sum, the undersigned concludes that the Search Warrant was supported by probable cause to believe that evidence of the offenses would be found at the target residence.

        C.    <u>The Government Established Good Faith Reliance on the Warrant</u>

Assuming that the challenged search warrant is defective, however, the evidence will nevertheless be admissible if the Government can establish good faith reliance on the warrant. In *United States v. Leon*, 468 U.S. 897 (1984), the United States Supreme Court established a good faith exception to the exclusionary rule for searches conducted pursuant to a warrant issued by a neutral and detached magistrate. Specifically, the Court concluded that the marginal or nonexistent benefits produced by suppressing

evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion. 468 U.S. at 922.

As explained by the Eleventh Circuit in *United States v. Taxacher*, 902 F.2d 867, 871 (11th Cir. 1990), however, the Supreme Court has identified four circumstances under which suppression of evidence seized pursuant to a warrant would still be appropriate: (1) If the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, (2) where the issuing magistrate wholly abandoned his or her judicial role, (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, and (4) where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. In sum, the Supreme Court in *Leon* emphasized that "[i]n the absence of an allegation that the magistrate abandoned his [or her] detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." 468 U.S. at 926.

There is no contention that the Magistrate Judge abandoned his detached and neutral role, or that there were materially false statements or omissions, or that the warrant itself was so facially deficient that the officers could not reasonably presume it was deficient. The defendant relies on his argument that the warrant was based on an Affidavit that was so lacking in probable cause that the officers could not reasonably believe that it was valid. As stated above, the undersigned has determined that the Affidavit establishes probable cause to support the search, as did the issuing Magistrate Judge; thus, the undersigned also concludes that it was objectively reasonable for the agents to rely upon the validity of the warrant. Therefore, even assuming the Affidavit

did not establish probable cause, the evidence obtained from the search should not be suppressed.

V. **CONCLUSION**

Based upon the foregoing analysis, the undersigned concludes that there was probable cause to support the issuance of the Search Warrant; and, in the alternative, that the law enforcement officers had a good faith basis to rely on the warrant.

Therefore, it is hereby

RECOMMENDED that the Motion to Suppress, ECF No. [32] be DENIED.

The parties will have until the calendar call on September 27, 2018, to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Any request for an extension of this deadline must be made prior to that date. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED in chambers in Miami, Florida, this 24th day of September, 2018.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore, Chief United States District Judge
All counsel of record